UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:14-cr-00044-MMD-WGC-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DEVON KAUWE, | |
| Defendant. | |

**I.   SUMMARY**

Defendant Devon Kauwe is currently serving a 65 month sentence (followed by five years of supervised release) on one count of conspiracy to distribute methamphetamine ("meth") at the United States Penitentiary in Lompoc, California ("USP Lompoc"). (ECF No. 529 at 1-2.) Before the Court is his emergency motion for compassionate release "under 18 U.S.C. § 3582(c)(1)(A) based on the 'extraordinary and compelling reasons' presented by the COVID-19 pandemic"[1] as applied to his health and particular circumstances—including a COVID-19 outbreak at USP Lompoc (the "Motion"). (*Id.* at 1.) However, because the Court agrees with the government that Defendant has not yet complied with Section 3582(c)(1)(A)'s mandatory claim processing rule—and as further explained below—the Court will deny the Motion without prejudice.

**II.   BACKGROUND**

Defendant sold five ounces of meth to an undercover DEA agent, and was then arrested after arranging to sell seven pounds of meth to the same DEA agent. (ECF No. 534 at 3.) However, he had no prior criminal history and had never been arrested before

---

[1] The Court issues this order during the COVID-19 pandemic, as a novel coronavirus is killing many people around the world, and many governments, including the governments of the United States and Nevada, have at least partially shut down their societies and economies in response. (ECF No. 529 at 14-15.)

this arrest. (ECF No. 529 at 2.) He pleaded guilty to one count of conspiracy to distribute meth. (*Id.*) Defendant was on pretrial release for three years without incident before he was sent to USP Lompoc on October 30, 2017. (*Id.*) His projected release date is June 8, 2022. (*Id.*) He is therefore nearly halfway through his custodial sentence. (*Id.* at 1-2.)

Defendant seeks release because his preexisting medical conditions make him particularly vulnerable to COVID-19, and there is an outbreak of COVID-19 at USP-Lompoc, which was locked down to fight the spread of the virus at the time he filed this Motion. (*Id.* at 1, 6. 17-26.) Specifically, Defendant is overweight and has hypertension. (*Id.* at 15-16.) He is 39 years old. (ECF No. 536 at 2.) The government does not dispute his medical history. (ECF No. 534 at 22.) Moreover, "[t]he government acknowledges that Kauwe is incarcerated at USP Lompoc, one of the BOP facilities that has had a number of COVID-19 infections among its inmates."[2] (*Id.*)

Instead, the parties' dispute focuses on whether Defendant has complied with the statutory prerequisites before filing his Motion given the circumstances, and whether Defendant poses a danger to the community if he were released. (ECF No. 534 at 6-13, 23.) As to the statutory prerequisites, it was not clear in the Motion whether Defendant made any attempt to request compassionate release from the Warden of USP Lompoc before filing his Motion.[3] (ECF No. 529 at 6.) The Court therefore ordered him to file a supplement regarding whether he submitted a request to the Warden, and what he heard back—and gave the government a chance to respond to that supplement. (ECF No. 535.) Defendant filed a supplement, and the government filed a response to that supplement. (ECF Nos. 536, 537.) Defendant's supplement also contained a reply the Court did not

---

[2] That said, the government argues that the Bureau of Prisons ("BOP") has been adequately responding to COVID-19 by highlighting its response to COVID-19. (ECF No. 534 at 15-19.)

[3] "Counsel spoke with Mr. Kauwe on April 28, 2020. Mr. Kauwe stated he would try that same date to provide the Warden with a written a compassionate release request, though communicating with the Warden and other staff has proved somewhat difficult during the pandemic, especially now that USP Lompoc is on lockdown." (ECF No. 529 at 6.)

specifically order, which the Court nonetheless addresses in the legal discussion further below. (ECF No. 536 at 2-15.)

Defendant states in his supplement that he submitted a written request for compassionate release to the Warden of USP Lompoc on April 28, 2020, but had not received any response as of May 11, 2020. (*Id.* at 2.) The government's response to Defendant's supplement points out that Defendant confirms in his supplement he has not satisfied the prerequisites for bringing a compassionate release motion. (ECF No. 537.)

## III.  DISCUSSION

Defendant specifically seeks release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. (ECF No. 529 at 2-4.) This provision offers Defendant a limited exception to the general rule that the Court may not modify or reduce the length of a sentence after the Court has imposed it. *See* 18 U.S.C. § 3582(c); *see also U.S. v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (explaining that generally a court cannot modify a sentence after it has imposed it). "It allows the sentencing judge to reduce a sentence based on 'extraordinary and compelling reasons[.]'" *United States v. Mogavero*, Case No. 2:15-cr-00074-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

But a defendant must ask the BOP to bring a motion for compassionate release on the defendant's behalf before filing such a motion with the Court, normally done—as here—by submitting a request to the warden. (ECF No. 536 at 2.) *See also* 18 U.S.C. § 3582(c)(1)(A). In addition, a defendant may only bring a motion under Section 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.*

The Court begins its discussion with what is not in dispute. First, BOP has not brought a motion for compassionate release. Second, Defendant does not argue that he has exhausted his administrative remedies with the BOP. (ECF No. 529, 536.) Third, as

clarified in Defendant's supplement,[4] 30 days have not yet elapsed since he filed his request for compassionate release with the Warden. (ECF No. 536 at 2.)

Thus, the threshold question before the Court is whether it can waive the requirement in Section U.S.C. § 3582(c)(1)(A) that Defendant wait 30 days after requesting compassionate release from the Warden before filing his Motion. Defendant argues the Court can and should, but the government argues the Court cannot. (ECF Nos. 529 at 12, 534 at 6-13, 536 at 5-11.) And while many district courts around the country are currently wrestling with this question,[5] there is also no dispute that neither the Ninth Circuit nor the Supreme Court has directly answered it. (ECF Nos. 534 at 6, 536 at 6.) In the absence of binding precedent, the Court must look to the statutory text itself. *See Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) ("Statutory interpretation, as we always say, begins with the text[.]").

The statutory text is clear, and does not give the Court any discretion to waive the 30-day waiting period. As pertinent to this exception to the general rule that the Court cannot alter a sentence once it is imposed, the Court may only rule on a motion to reduce the term of Defendant's imprisonment upon "the lapse of 30 days from the receipt of [a request for compassionate release] by the warden of the defendant's facility[.]" As noted above, 30 days have not lapsed since Defendant submitted his request to the Warden on April 28, 2020. (ECF No. 536 at 2.) Thus, as far as the statutory text is concerned, the

---

[4]The Court could have denied Defendant's Motion outright rather than requesting he supplement his Motion, because Defendant did not state in his Motion he had first submitted a compassionate release request to the Warden of USP Lompoc. (ECF No. 529 at 6.) *See also* 18 U.S.C. § 3582(c)(1)(A) (requiring a defendant first submit a request to the BOP regardless of whether the defendant relies on the exhaustion exception, or the wait 30 days to receive a response exception). However, the Court ordered Defendant to supplement his response to ensure it was ruling on an accurate record—because Defendant's Motion was unclear.

[5]Some courts have held this 30-day waiting period can be waived, though others have held it cannot. *Compare, e.g.*, *U.S. v. Guzman Soto*, Case No. 1:18-CR-10086-IT, 2020 WL 1905323, at *4-*5 (D. Mass. Apr. 17, 2020) (concluding it can be waived) *with U.S. v. Gillis*, Case No. 14-CR-00712 SJO (1), 2020 WL 1846792, at *2 (C.D. Cal. Apr. 9, 2020) ("Accordingly, the Court lacks authority to consider the merits of Defendant's Application as the thirty-day period for the BOP to act has not yet lapsed.").

4

1 Court cannot yet entertain Defendant's Motion. Moreover, nothing else in Section 3582(c)(1) suggests that the Court could waive the 30-day waiting period.

A careful reading of Section 3582(c)(1)(A) also indicates the 30-day waiting period Defendant asks the Court to waive here is not an exhaustion requirement—rendering much of the parties' argument besides the point. (ECF Nos. 534 at 6-13, 536 at 4-11.) Section 3582(c)(1)(A) creates two paths to filing a compassionate release motion with the Court—one requires exhaustion before the defendant can file such a motion, and the other (again, which Defendant relies on here) requires the defendant make a request of the warden and then wait 30 days for a response. *See* 18 U.S.C. § 3582(c)(1)(A). Assuming the warden does not respond, the defendant may then file a motion with the Court. *See id.* The 30-day waiting period in Section 3582(c)(1)(A) is therefore better characterized as either a mandatory claims-processing rule, or a right of first refusal that belongs to the BOP. (ECF No. 536 at 5, 7 (characterizing the 30-day waiting period as such, but arguing the period may be waived).)

Conceptualizing the 30-day waiting period as a right of first refusal—where the BOP is given 30 days to decide whether to bring the defendant's requested compassionate release motion before the defendant may bypass the process and take her request directly to the Court—also aligns with the statutory scheme. Before congress amended Section 3582(c)(1)(A) through the First Step Act, the BOP was the only party who could bring a compassionate release motion to the Court. *Compare* 18 U.S.C. § 3582(c)(1)(A) effective November 2, 2002 to December 20, 2018 *with* 18 U.S.C. § 3582(c)(1)(A) *as amended by the* FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194, effective December 21, 2018. Now, as described above, a defendant may bring a compassionate release motion directly to the Court, but must first go to the BOP—whether through exhaustion, or waiting 30 days after receiving no response to a compassionate request. Thus, congress' amendment of Section 3582(c)(1)(A) through the First Step Act continues to acknowledge that compassionate release requests fall within the BOP's domain, but seems to recognize that a defendant

5

should have some recourse if the BOP takes no action on a compassionate release request. And as the government argues, there is a good reason for this—to defer to the BOP's expertise in handling such motions. (ECF No. 534 at 13.)

Section 3582(c)(1)(A) is clear that Defendant must give the BOP 30 days to respond to his request for compassionate release before he can bring his Motion. His Motion is therefore premature. In so finding, the Court joins other judges in this district. *See U.S. v. Cardenas*, Case No. 2:11-cr-0414-APG-CWH, at ECF No. 144 (Apr. 29, 2020) (finding the 30 day waiting period cannot be waived and noting, "there are good reasons to allow the warden 30 days to review an application. That remains true even in the rapidly-changing environment of this pandemic."); *Mogavero*, 2020 WL 1853754, at *2 (making the related point regarding the alternative exhaustion path in Section 3582(c)(1)(A) that the defendant may only bring a compassionate release motion to the court "after the defendant has asked the BOP to bring such a motion on her behalf and exhausted all administrative rights to appeal the BOP's denial of that request[,]" and going on to deny the defendant's compassionate release motion in part because the defendant had not exhausted).[6] While Section 3582(c)(1)(A) is not well-suited to the circumstances presented by COVID-19,[7] the Court is not a legislator. The Court must interpret and follow the law. The Court cannot write it.

Defendant's arguments that the Court may nonetheless waive the 30-day waiting period for equitable reasons are ultimately unpersuasive. (ECF No. 536 at 7-9.)

---

[6]The Court does not find the decisions Defendant relies on from this district as persuasive as those cited in the body text, because they lack detailed discussion of the statutory text or scheme, and contain little, if any, discussion of the 30-day waiting period. Moreover, they are further distinguishable because in both cases, the presiding judge concluded the BOP would not respond to the defendants' requests, in one case because he ordered the BOP to respond, so he effectively found those defendants had exhausted. (ECF No. 529 at 9-10 (first citing *U.S. v. Atkinson*, Case No. 2:19-cr-55-JCM-CWH, 2020 WL 1904585 (D. Nev. Apr. 17, 2020), then citing *U.S. v. Gorai*, Case No. 2:18-cr-220-JCM-CWH, 2020 WL 1975372 (D. Nev. Apr. 24, 2020).)

[7]The First Step Act, passed at the end of 2018, was probably not written with a pandemic in mind. An explicit exigent circumstances exception would certainly be useful to people in Defendant's position. However, as the government argues, congress could have amended Section 3582(c)(1)(A) as part of the CARES Act, but it did not. (ECF No. 534 at 12-13.)

Defendant more specifically argues that common-law equitable exceptions can apply where congress has not clearly required exhaustion in the governing statute. (*Id.* at 8.) But as described above, the Court is not addressing Section 3582(c)(1)(A)'s exhaustion requirement in this order, but rather the 30-day waiting period—and the alternative exhaustion requirement in Section 3582(c)(1)(A) is clear anyway. Defendant next argues that the Court could waive the 30-day waiting period because the current statutory language was passed under the heading, "Increasing the Use and Transparency of Compassionate Release." (*Id.*) However, as also explained above, moving from a regime where the BOP has sole jurisdiction over compassionate release requests to one where it has a right of first refusal will logically increase the use of compassionate release requests. That does not mean the Court may disregard the revised statutory language. Defendant finally argues that the Court can waive the 30-day waiting period because of the presumption that statutes of limitations incorporate equitable tolling absent an express statement to the contrary. (*Id.* at 9.) The Court finds that argument unpersuasive because to the extent statutes of limitations are even analogous to the 30-day waiting period, this is a situation where congress was clear: Defendant must submit a request to the Warden and then wait 30 days.

In sum, the Court will deny Defendant's Motion as premature because he did not wait 30 days after submitting his request to the Warden, and the Court cannot waive the 30-day waiting period embedded in Section 3582(c)(1)(A).

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's emergency motion for compassionate release (ECF No. 529) is denied without prejudice to refiling once he has complied with the mandatory exhaustion requirements, or beginning on May 28, 2020 assuming he does

not receive a response from the Warden, whichever is earlier. If Defendant files a new motion, he may simply incorporate by reference all of his arguments from this motion and reply, and supplement it with any new evidence or arguments.

DATED THIS 13th day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE